IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNARDO (BERNIE) CHAVEZ and
ROSANNA BACA,

        Plaintiffs,

vs.                                       Civ. No. 00-1664 WWD/LFG

QWEST COMMUNICATIONS, f/k/a USWEST
COMMUNICATIONS, a Colorado corporation;
CHARLIE BUSTOS, Individually and as an
Employee of USWest Communications;
KENNETH E. NELSON, Individually, and as an
Employee of USWest Communications; TOM
ZEDUNEK, Individually, and as an Employee
of USWest Communications; and JOHN DOE #1,
Individually, and as an Employee of USWest
Communications,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This Memorandum addresses Defendants' motion to dismiss filed January 22,  2001; and

Plaintiffs  motion to remand filed February 1, 2001. The motion to remand (Docket #12) will be

denied, and the motion to dismiss (Docket #8) will be granted.

**Background.**

        Plaintiffs filed their Complaint and First Amended Complaint in the District Court for the

Second Judicial District. The First Amended Complaint contained three causes of action, to wit:

Breach of Implied Contract, Interference with Implied Contract, and Defamation. The facts

alleged to have given rise to the First Amended Complaint can be summarized as follows:

-1-

Plaintiffs, who were both long time employees of Defendant Qwest ("Qwest"), had their employment with Qwest terminated as the result of alleged violations of the USWest's Code of Business Ethics and Conduct/ Corporate Policies ("Policies") . The Policies set certain company standards for employees and procedures for implementing those standards. Plaintiffs allege that their terminations were not in compliance with certain provisions of the Policies which they contend is an implied contract between them and Qwest.   No reference is made to a collective bargaining agreement between Qwest and Plaintiffs' union; however, such an agreement exists, and reference to it is required.

Plaintiffs contend  that Defendant Bustos ("Bustos"), in retaliation against Plaintiffs for certain perceived slights or affronts,   created or had someone create some of the evidence upon which Qwest relied in terminating Plaintiffs. This activity together with actions taken by Defendants Nelson and Zedunek allegedly "were in direct interference of the implied contract existing between Plaintiffs and Defendant USWest...."

The defamation allegations are against Defendant Zedunek for his announcing to a group of Plaintiff Chavez' co-workers that "his next stop would be for the purpose of seeing to the termination of an employee with over 27 years experience with USWest, at the USWest Socorro office." Plaintiff Chavez was the only person in the Socorro office with that much time on the job.


On November 24, 2000, Qwest filed its Notice of Removal asserting that the state causes of action in Plaintiffs' First Amended Complaint were completely preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 152(2), (6), (7), and 185(a); since the state

causes of action "depend[s] on the meaning of the collective bargaining agreement " which existed

between Qwest and its union employees, including Plaintiffs.

On January 22, 2000 Defendants filed a motion to dismiss and on February 1. 2001,

Plaintiffs filed a motion to remand. The ruling on each motion depends almost entirely on the

question of whether the claims in Plaintiffs' First Amended Complaint are "completely

preempted" by the LMRA.

**Discussion.**

In <u>Eloy Garley v. Sandia Corporation,</u> U.S.D.C. # 98cv1127, the Honorable John

Edwards Conway dealt with a fact situation which has many parallels to the instant case. The

differences between facts of the two cases do not dictate a different result from that reached in

<u>Garley</u>.  Judge Conway dismissed Garley's complaint and denied his motion to remand. Since the

same counsel were involved as are present in this case, I will not make a detailed analysis of

<u>Garley</u>. The rationale in <u>Garley</u> applies here and that conclusion is buttressed by the reasoning

with respect to preemption in <u>Doll v. U.S. West Communications, Inc.</u>, 85 F.Supp.2d 138, 1044-

1045.  I find that the issues raised by Plaintiffs' First Amended Complaint necessarily require

interpretation of the collective bargaining agreement between Defendants and Plaintiffs' Union;

accordingly, I conclude that all of the claims in the First Amended Complaint are preempted by §

301 of the Labor Management Relations Act, and that the motion to remand should be denied.

Likewise, Defendants' motion to dismiss should be granted conditionally as was done in <u>Garley</u>.

**Wherefore,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand is Denied.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss will be granted dismissing Plaintiffs' claims of (1) breach of implied contract; (2) interference with implied contract; and (3) defamation, unless Plaintiffs file and serve a Second Amended Complaint within thirty days which state their claims under § 301 of the Labor Management Relations Act.

_____

UNITED STATES MAGISTRATE JUDGE